IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**CURTIS D. KNIGHT, #98592**                                                    **PLAINTIFF**

**VS.**                                                      **CIVIL ACTION NO. 3:13cv258-TSL-JMR**

**GLORIA PERRY, et al.**                                               **DEFENDANTS**

## REPORT AND RECOMMENDATION

This Matter comes before the Court pursuant to the Defendants' Motions [32, 34] to Dismiss. Curtis D. Knight [Knight] filed his Complaint on May 2, 2013, claiming that he was forced to undergo treatment for a medical condition which he claims does not have and thus, should not receive the treatment. [1, p. 4.] Also pending before the Court is the Defendants' Lehman, Abangon and Saddler, motion to amend the scheduling order to extend time [33] to file dispositive motions, if necessary.

Thomas Lehman [Lehman], Rolando Abangon [Abangon] and Louis Saddler [Saddler], filed their motion to dismiss asserting that they have not been properly served process in this case. [32, p. 1.] Lehman and Abangon assert that they are employed by Wexford Health Sources [Wexford], which provides health care to certain inmates in the custody of the Mississippi Department of Corrections [MDOC]. (*Id.*) Saddler has not been employed with Wexford since June 2013. (*Id.*) Lehman resides in Pennsylvania, and none of these defendants designated an agent of Wexford as their agent for process. (*Id.*, p. 2.) These defendants also filed a joinder to the motion to dismiss for failure to exhaust administrative remedies, and a motion to amend the scheduling order. [33, 35.]

Gloria Perry and Paxton Paige filed a motion to dismiss for failure to exhaust administrative remedies. [34.] These defendants maintain that under the Prison Litigation Reform Act [PLRA], 42 U.S.C. § 1997e(a), prisoners are required to exhaust any available

administrative remedy before filing suit under 42 U.S.C. § 1983. [34, p. 1.] These defendants assert that Knight has not completed the grievance process concerning his complaint of unwanted medical treatment. [34, p. 2.]

Raniece Matthews, an investigator for the Administrative Remedy Program [ARP] at the Central Mississippi Correctional Facility, the facility which houses Knight, averred that Knight filed a complaint with the ARP, but that complaint was rejected. [34] Knight's ARP complaint was filed on April 14, 2013, as a sensitive issue. [34-1, p. 3.] The ARP was dismissed because it was not found to be a sensitive issue, and Knight was instructed to file his complaint as a regular ARP within five days of April 20, 2013. [34-1, p. 4.] On May 21, 2013, the ARP complaint was rejected, because relief was beyond the power of the MDOC to grant. [34-1, p. 2.] According to Matthews, the ARP was rejected because Knight had filed a civil lawsuit. [34-1, p. 1.]

## ANALYSIS

Section 1997e(a) of the PLRA, Pub.L. No. 104-134, 110 Stat. 1321 (1996), provides that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal Law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as area available are exhausted." 42 U.S.C. § 1997e(a). As the Supreme Court observed:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review might filter out some frivolous claims. And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

*Porter v. Nussle*, 534 U.S. 516, 524-5 (2002) (citations and quotations omitted). In *Porter*, the Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life,

2

whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532.

The reach of the PLRA includes cases involving deliberate indifference to an inmate's medical needs, whether they be against a defendant in his official or individual capacity. *See Williams v. Henagan*, 595 F.3d 610, 618 (5th Cir. 2010); *see e.g., Wright v. Hollingsworth,* 260 F.3d 357 (5th Cir. 2001) (affirming District Court dismissal of inmate's § 1983 case for deliberate indifference of medical needs for failure to exhaust administrative remedies). The exhaustion requirement of the PLRA attaches when a plaintiff files a claim while "confined in any jail, prison, or other correctional facility," § 1997e(a), and thereafter remains: "release during pendency of the suit does not relieve him the obligation to comply with 42 U.S.C. § 1997e." *Williams,* 595 F.3d at 619.

Because Knight was in custody at the time of the filing, he must meet the obligations imposed by the PLRA, including the requirement of exhaustion, in regard to his claim regarding his medical care. The Court recommends that because Knight failed to exhaust his remedies prior to filing this complaint that the motion to dismiss for failure to exhaust administrative remedies [34] and the joinder in that motion by the remaining defendants should be granted and the Complaint dismissed without prejudice for failing to exhaust administrative remedies.

This finding renders the motion to dismiss [32] for failure to properly serve process and the motion to amend [33] moot, and the Court recommends that those motions be denied.

## CONCLUSION

According to the foregoing analysis, it is the recommendation of this Court that the motion to dismiss for failure to exhaust administrative remedies [34] and the joinder [35] in that motion by the remaining defendants should be granted. The Court further recommends that the motion to dismiss [32] for failure to properly serve process and the motion to amend [33] be

3

denied as moot.

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, or by no later than March 17, 2014, may serve and file written objections to the recommendation, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United States Auto Ass'n*, 79 F.3d 1425 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days). A copy of this report and recommendation was sent to Knight at his last known address by certified mail, return receipt requested.

This the 3rd day of March, 2014.

*s/ John M. Roper, Sr.*
CHIEF UNITED STATES MAGISTRATE JUDGE